## CORPORATION BOUND BY CONTRACT MADE BY SECRETARY.

Circuit Court of Cuyahoga County.

THE GRABLER MANUFACTURING CO. v. T. J. LEAHY.*

Decided, June 7, 1910.

*Corporations—Contracts—Knowledge and Approval of President.*

Where a by-law of a corporation provides that its contracts can be made only by its president, a contract made by its secretary, of which the president had knowledge and approved, is binding upon the corporation.

*Weed, Miller & Rothenberg,* for plaintiff in error.
*Tanney & Barber,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Leahy brought suit against the Grabler Manufacturing Company to recover for money which he claimed to be due upon a contract entered into between himself and the company. The whole question involved here is whether there was a contract between the parties. A writing was made out which, if it is a contract binding upon the company, entitled the plaintiff below to the recovery which he had. This writing, which is in the form of a contract, is signed with the name of "The Grabler Manufacturing Company, William S. Bayer, Sec."

It is conceded that Bayer was the secretary of the company at the date of this writing, and that his name appearing upon the writing, as above stated, was written by him. It is conceded that the secretary was not authorized by the board of directors of the corporation to make this contract, and that a by-law of the board provides that contracts can be made only by the president of the board. But the defendant in error says that though the secretary was not authorized on behalf of the company to bind it by this contract, its conduct in relation to the writing after it was executed was a ratification on the part of the corporation of the contract.

*Affirmed without opinion, *Grabler Manufacturing Co.* v. *Leahy,* 85 Ohio State, 442.

In its charge to the jury the court told them that the secretary had no authority to make this contract, but, he said:

"It is admitted, gentlemen of the jury, in the case, that the president of the defendant corporation, Mr. Rosenfeld, had the power and the authority to make the contract or make such a contract as was made in this case, and the only issue here is whether or not he did make it. If he approved of a contract made by the secretary of that corporation, then that act of approval on his part would find it. No claim is made here that Mr. Rosenfeld, as president, signed the corporate name of the company to this contract, but the claim is made here that, having the power to approve of the contract, the evidence shows that his contract and acts were such as to warrant the belief that he did approve, that he did know of a contract which had been signed by the secretary and that, as a matter of fact, he did approve it."

Certain propositions were asked by the defendant below to be given to the jury. These were not given except in so far as they are given in the general charge. Without stopping to read them, we think the propositions were sufficiently well covered by the charge as given. The only serious doubt that we have in the matter is whether the court was sufficiently specific in instructing the jury that to make the conduct of the president a ratification of the contract it must be shown that the president at the time of such ratification, had knowledge of the contract. But on the whole we are of opinion that the language used, which has already been quoted, would be understood by the jury to require a knowledge on the part of the president, before his conduct in relation to the contract could constitute a ratification, and so finding we reach the conclusion that there is no error apparent on the record and the judgment of the court of common pleas is affirmed.